UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:22-cv-409-WFJ-PRL

ANGEL E. GASTON,

Plaintiffs,

v.

CITY OF LEESBURG, et al.,

    Defendants.

_____/

**DEFENDANT, LIFESTREAM BEHAVIORAL CENTER, INC.'s , REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS/STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Lifestream Behavioral Center, Inc., through counsel, and pursuant to the Federal Rules of Civil Procedure hereby replies to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss/Strike Plaintiff's Amended Complaint, and as grounds states as follows:

1. Plaintiff, ANGEL E. GASTON ("Plaintiff") filed an Amended Complaint June 8, 2023 [D.E. 18]. Plaintiff alleges that twenty listed Defendants are liable for an alleged violation of his civil rights and various state law claims.

2. Plaintiff's Amended Complaint charges LifeStream Behavioral Center ("LifeStream") with Medical Malpractice (Count 9) and False Imprisonment (Count 10).

3. The Amended Complaint fails to state a claim upon which relief can be granted against LifeStream.  Further, the Complaint does not comply with the basic pleading requirements of Rules 8 and 10, Fed.R.Civ.P., is a shotgun pleading; and should be stricken and/or dismissed with

CASE NO.: 5:22-cv-409-WFJ-PRL

prejudice, in its entirety, as there does not exist any viable claim that can be alleged against LifeStream based upon the nominal "facts" alleged.

4. The Amended Complaint contains nothing more than labels, legal conclusions and boilerplate statutory or Constitutional language. Plaintiff has not properly plead factual support for the elements of any claim. If the legal conclusions contained in the Plaintiff's Amended Complaint were to be isolated, there would be few, if any factual allegations remaining; certainly, insufficient factual allegations to satisfy the "plausibility" requirement of Rule 8. Rule 8 does not empower a Plaintiff to plead the bare elements of a cause of action. The Amended Complaint contains no factual allegations regarding any Defendant that sufficiently demonstrate a legal basis for liability, establish the elements of a viable legal claim, or provide justification for the requested relief. The allegations contained in the Amended Complaint are vague and conclusory, and render it difficult for any Defendant to decipher what actions or omissions Plaintiff contends were unlawful.

5. The Amended Complaint contains what appear to contain ten counts that loop together all twenty Defendants, including those that bear no relation at all to LifeStream. The Amended Complaint as it stands today is not clear as to what party Plaintiff is trying to recover damages from. *Benoit v. Ocean Financial Corp. Inc.,* 960 F.Supp. 287 (S.D. Fla. 1997). *Reyes v. City of Miami Beach*, 2008 U.S. Dist. LEXIS 20087, at 11 (S.D. Fla. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. at 1964 (Notice pleading not satisfied with only vague and conclusory allegations that do not advise the defendant what actions each defendant is alleged to have taken).

6. The Amended Complaint is also deficient because it is not <u>properly</u> separated into counts pursuant to *Rule 10, Fed.R.Civ.P.* Rule 10, in relevant part provides that "each claim

2

founded upon a separate transaction or occurrence... shall be stated in a separate count... whenever a separation facilitates the clear presentation of the matters set forth." *Fed.R.Civ.P. Rule 10.*

7. The Amended Complaint should be stricken or dismissed in its entirety as an impermissible shotgun pleading. The Eleventh Circuit has identified four types of "shotgun" complaints: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

8. The Amended Complaint contains 10 pages of "factual" allegations, vaguely lumping several Defendants, including Police Officers, and the City of Leesburg, together, separated into ten (10) indecipherable Counts, most of which improperly combines claims against multiple named and unnamed Defendants. The Plaintiff's practice of lumping multiple defendants together and failing to provide specific allegations has routinely been determined to violate Rule 8's pleading requirements and is also violative of Rule 10. *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006); *Synergy Real Estate of SW Florida, Inc. v. Premier Prop. Mgmt. of SW Florida, LLC*, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013). *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001)*; Cramer v. State of Fla.,*

3

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

*117* F.3d 1258, 1263 (11th Cir. 1997) (Shotgun pleading prohibited). *Frugoli v. Winn Dixie Stores, Inc.* 464 So.2d 1292 (Fla. 1st DCA 1985).

9. The Amended Complaint attempts to bring a medical malpractice action; however, Plaintiff's Complaint should be dismissed for failure to comply with the mandatory pre-suit procedure requirements set forth in Fla. Stat. § 766.106 and § 766.1065.

10. The primary purpose of the pre-suit investigation requirements of the Medical Malpractice Act is to alleviate the high costs of medical malpractice litigation by early determination of the merits of each claim. Fla. Stat. § 766.201. Compliance with these pre-suit requirements is a condition precedent to maintaining an action for medical malpractice. *Kukral v. Mekras*, 679 So. 2d 278 (Fla. 1996); *Patry v. Capps*, 633 So. 2d 9 (Fla. 1996). During the ninety-day (90) pre-suit investigation period, the prospective defendant must review the claim and conduct a good-faith investigation to determine whether the claim is valid. This is to further the legislative intent of the Medical Malpractice Act in the hopes of facilitating the early resolution of meritorious claims and eliminating the expense of litigation in the courts. Fla. Stat. § 766.106(3)(a).

11. Here, Plaintiff has failed to conduct any kind of pre-suit investigation. Plaintiff has not provided Defendants with the necessary medical records and documentation to adequately evaluate and defend the claim. Additionally, Plaintiff has failed to provide an authorization for the release of medical records, which is a requirement of Fla. Sta. § 766.106.

12. Due to the lack of medical records, collateral source information, and damages evidence, Defendant LifeStream is unable to conduct a good-faith investigation to determine the validity of the medical malpractice claim alleged. Defendant has been prejudiced by this inability to conduct a good faith investigation pursuant to the requirements of Fla. Stat. § 766.106(c).

CASE NO.: 5:22-cv-409-WFJ-PRL

WHEREFORE, Defendant, LIFESTREAM BEHAVIORAL CENTER, respectfully requests the Court enter an Order Striking the Amended Complaint as a shotgun pleading, or Dismissing Plaintiff's Amended Complaint With Prejudice, awarding the Defendants the reasonable attorney's fees and costs incurred in the defense of this action, and any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendant *Lifestream Behavioral Center, Inc.*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6848
> Facsimile (305) 373-2294
> Primary e-mail: frances.allegra@csklegal.com
> Secondary e-mail: isabella.sanchez@csklegal.com
> Alternate e-mail:  ciara.beyra@csklegal.com
>
> By:  s/ Isabella Sanchez
> FRANCES P. ALLEGRA
> Florida Bar No.:  881368
> ISABELLA SANCHEZ
> Florida Bar No.:  1031340