UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.   Case No: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.,

    Defendants.
_____/

## ORDER

This matter comes to the Court on Defendant LifeStream Behavioral Center, Inc.'s ("LifeStream") Motion to Dismiss/Strike Plaintiff's Amended Complaint. (Doc. 49). Plaintiff responded to the Motion. (Doc. 66). Defendant Replied. (Doc. 67). After briefing by the parties, the Court grants the motion.

### I.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially

noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## II. DISCUSSION

In his Amended Complaint, Plaintiff sues twenty defendants for alleged violations of his civil rights and various state law claims. (Doc. 18). Specifically, Plaintiff claims LifeStream committed the state law torts of medical malpractice and false imprisonment. *Id*. Defendant moves to dismiss the medical malpractice claim for failure to comply with the mandatory pre-suit procedures and to dismiss the false imprisonment claim for failure to state a cause of action. (Doc. 49 at 7–9).

### A. Medical Malpractice Claim

On August 17, 2020, Plaintiff was in the parking lot at the Leesburg Police Department ("LPD") when he was involuntarily detained, under Florida's Baker Act,[1] by multiple LPD officers. (Doc. 18 at 10–11). Plaintiff was transported to LifeStream but was not permitted to enter the facility until he passed a COVID-19 test due to his recent contact with an individual with COVID-19. *Id*. at 12. Plaintiff was transported by ambulance to Leesburg Hospital, where he was administered a COVID-19 test. *Id*. Plaintiff was cleared and was transported back to LifeStream by LPD officers. *Id*.

---

[1] "'Florida's Mental Health Act, Fla. Stat. § 394.463, frequently known as the Baker Act,' provides procedures for the involuntary commitment and examination of those with mental illness." *Pearson v. Gracepoint*, No. 8:20-cv-1434-T-36JSS, 2020 WL 3965311, at *1 (M.D. Fla. June 24, 2020) (quoting *Anderson v. Snyder*, 389 F. Supp. 3d 1082, 1086 (S.D. Fla. 2019) (citing Fla. Stat. § 394.463(1)).

2

Plaintiff claims that LifeStream committed medical malpractice when it "failed in its duty to perform a medically adequate evaluation and/or investigation to qualify me as a person with a serious mental illness who is in need of medical detention through Florida's 'Baker Act' law in accordance with FL. Stat. Ann. § 394.463." *Id.* at 19. LifeStream seeks dismissal of this claim due to Plaintiff's failure to comply with the mandatory presuit requirements set forth in Fla. Stat. §§ 766.106 and 766.1065. (Doc. 49 at 7–8).[2]

Chapter 766 of the Florida Statutes sets forth the conditions precedent to maintaining an action for medical malpractice. "Chapter 766 sets out a complex, but detailed and specific, presuit investigation procedure that both a claimant and a defendant must satisfy before a medical negligence claim can be brought in court." *Clark v. Sarasota County Pub. Hosp. Bd.*, 65 F.Supp.2d 1308, 1310 (M.D. Fla. 1998). These presuit requirements are a condition precedent to filing a medical malpractice suit. *Patry v. Capps*, 633 So. 2d 9, 11 (Fla. 1994). "If a court finds that a claimant has not complied with the presuit procedures prior to filing his complaint, § 766.206(2), Florida Statutes directs the court to dismiss the action." *Clark*, 65 F.Supp.2d at 1310.

---

[2] Whether a plaintiff has met Florida's pre-suit notice requirements is appropriately considered on a motion to dismiss. *See, e.g., Baptist Med. Ctr. Of Beaches, Inc. v. Rhodin*, 40 So. 3d 112, 114–15 (Fla. 1st DCA 2010) (granting certiorari review of the denial of a motion to dismiss a medical malpractice claim that was based on whether the plaintiff met the pre-suit notice requirements); *Goldfarb v. Urciuoli*, 858 So. 2d 397, 398 (Fla. 5th DCA 2003) ("Review is proper because to allow a party to fully litigate a suit where the proper presuit requirements were not met would frustrate the purpose of the Medical Malpractice Reform Act.")

If "the default cannot be remedied before the statute of limitations run, the court's dismissal should be with prejudice." *Id*.

A review of Plaintiff's Amended Complaint shows no allegations suggesting that Plaintiff investigated the facts he believed showed medical negligence or provided a "verified written medical expert opinion from a medical expert" corroborating Plaintiff's facts as mandated by Florida Statute § 766.203(2)'s pre-suit notice requirements. Nor has Plaintiff alleged that, after completing the required investigation, he notified "each prospective defendant ... of intent to initiate litigation for medical negligence." Fla. Stat. § 766.106(2)(a). And because more than two years has passed since the accrual of that cause of action based on the events from 2020, Plaintiff may not now cure his failure to comply with those pre-suit requirements.

Plaintiff has not alleged sufficient facts to support a constitutional claim[3] or a state law claim for negligence against LifeStream. Accordingly, Plaintiff's medical malpractice claim is dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**B. False Imprisonment Claim**

---

[3] Section 1983 does not render complaints of negligence or medical malpractice actionable under the Constitution. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (recognizing that an allegation of mere negligence is insufficient for violation of constitutional right); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004) (finding that a medical malpractice claim is insufficient to establish liability under section 1983); *Howell v. Evans*, 922 F.2d 712, 719–20 (11th Cir. 1991) (noting that "mere negligent diagnosis or treatment of a patient does not constitute deliberate indifference" but rather, "at most, medical negligence" which is not "a cognizable claim" under section 1983).

Plaintiff claims he "was wrongfully and unjustly incarcerated and/or imprisoned at the 'LifeStream' facility as a direct and proximate result of 'LifeStream's' medical malpractice and/or negligence in adequately qualifying me for Florida's 'Baker Act' law." (Doc. 18 at 19). "LifeStream's gross careless disregard and/or reckless indifference for the consequences of their actions amounted to a conscious neglect of medical duty that led them to involuntarily admit me into their facility without using diligent due care to establish a true medical diagnosis and/or need upon arrival and in order to justify the involuntary medical detention." *Id*. LifeStream seeks dismissal of this claim due to Plaintiff's failure to allege a sufficient factual basis to support his legal conclusion of false imprisonment. (Doc. 49 at 8–9).

A claim of false imprisonment stemming from a Baker Act detention meets the definition of medical negligence if it arises out of the rendering of medical care. *See Blom v. Adventist Health Sys./Sunbelt, Inc.*, 911 So. 2d 211, 214 (Fla. 5th DCA 2005). In *Blom*, the plaintiff alleged an emergency room doctor "involuntarily committed [her] without following the lawful and proper procedures set forth in" the Baker Act and tortiously committed her. *Id*. at 212 (alteration added; quotation marks omitted). The court affirmed the dismissal of a claim against the doctor because the action "arose out of the purportedly improper mental health commitment that was based on the physician's medical diagnosis that [the plaintiff] met the criteria set forth in the Baker Act." *Id*. at 214 (alteration added).

Here, Plaintiff was involuntarily committed to LifeStream under the Baker Act after being detained by LPD officers. Once having been committed, he alleges that

LifeStream personnel failed to provide a diagnosis requiring his commitment. (Doc. 18 at 19). Thus, he appears to claim that his detention arose out of the "conscious neglect of medical duty" by LifeStream personnel. *Id*. Plaintiff has also failed to comply with the pre-suit notice requirements.

Plaintiff has not alleged sufficient facts to support a claim against LifeStream. Accordingly, Plaintiff's false imprisonment claim is dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Accordingly, Defendant LifeStream's Motion to Dismiss (Doc. 49) is **GRANTED**.

**DONE** and **ORDERED** at Tampa, Florida on September 4, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of Record
Pro Se Party