UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.                                                   Case No: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.,

    Defendants.
_____/

## ORDER

This matter comes to the Court on Defendants, City of Leesburg, City of Leesburg Chief of Police, Nicholas M. Romanelli, John G. Sommersdorf, Dominic Paonessa, John Liston, Joseph Iozzi, Gary Barrett, Daniel Navarro, Charles Ketchum, Gustavo Escalante, David Carver, Stefano Dagastino, Eric Lamoreaux, and Allen Carter's Motion to Quash, in the Alternative Motion to Dismiss/Strike Plaintiff's Amended Complaint. (Doc. 47). Plaintiff filed a Response. (Doc. 65). After briefing by the parties, the Court grants the motion to quash.

### City of Leesburg

The City of Leesburg ("City") is a municipality. Service of process upon the City is governed by Federal Rule of Civil Procedure 4(j)(2). *Craft v. Olszewski*, No. 6:10-cv-260-ACC, 2010 WL 11515686, at *6 (M.D. Fla. May 12, 2010) *aff'd in part, vacated in part, rev'd in part*, 428 F. App'x 919 (11th Cir. 2011). That Rule provides two methods

for perfecting service: (1) by delivering a copy of the summons and the complaint to the municipality's "chief executive officer" or (2) by serving a copy of each in a manner prescribed by state law. Florida law sets forth a hierarchy of individuals who can receive service for a municipal corporation:

> (1) Process against any municipal corporation … which has a governing board, council, or commission or which is a body corporate shall be served:
>    (a) On the president, mayor, chair, or other head thereof; and in his or her absence;
>    (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above;
>    (c) On any member of the governing board, council, or commission.

Fla. Stat. § 48.111. (2020).[1]

On August 14, 2023, the United States Marshals Service ("USMS") delivered a summons and complaint directed to the City at the Leesburg Police Department, in Leesburg, Florida. (Doc. 24). The Marshal did not deliver the summons directly to the City's "chief executive officer" or one of the individuals listed in Fla. Stat. § 48.111. The proof of service filed with the court (Doc. 24) reveal that the Marshal left the summons and complaint with Sabrina Elizalde, Record Supervisor. The City asserts Plaintiff failed to perfect service because § 48.111 was not complied with and because

---

[1] Section 48.111 has subsequently been amended and changes the method for serving municipal corporations. The Court need not consider this new language because it was enacted after Plaintiff's claims accrued. *See e.g., S-Fer Int'l, Inc. v. Stonesheets, LLC,* No. 14-24662-CIV, 2016 WL 8808748, at *3 (S.D. Fla. Jan. 19, 2016) (stating that service of process is governed by the applicable statute when the action accrued); *Griffis v. J. C. Penny Co.,* 333 So. 2d 503, 504 (Fla. 1st DCA 1976) (holding that service of process was governed by the long-arm statute in effect when the action accrued).

2

Elizalde was not authorized to accept service on the Mayor's behalf. (Doc. 47 at 6–7). The Court agrees. The motion to quash will be granted as to the City.

### Individual Police Officer Defendants[2]

Rule 4(e) provides that an individual may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual personally;
   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In Florida, service of process is made by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Also on August 14, 2023, the Marshal delivered summonses and complaints directed to the Police Officer Defendants at the Leesburg Police Department, in

---

[2] The Police Officer Defendants are Chief of Police, Romanelli, Sommersdorf, Paonessa, Liston, Iozzi, Barrett, Navarro, Ketchum, Escalante, Carver, Dagastino, Lamoreaux, and Carter.

Leesburg, Florida. (Docs. 25–38). The proofs of service filed with the court (Doc. 25–38) reveal that the Marshal left the summonses and complaints with Elizalde.

Service of process was not proper as to the individual defendants. *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (quashing service of process where the plaintiff attempted to serve a police officer by leaving the summons and complaint at the officer's employment and the officer did not authorize anyone there to accept service of process on his behalf). The individual defendants were not personally served, nor were copies of the complaint and summons delivered to their homes or to a person authorized to receive the service of process. The motion to quash will be granted as to the Police Officer Defendants.

### **Good Cause Exists to Permit Re-Service**

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Nonetheless, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted).

When a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915 instructs that "[t]he officers of the court *shall* issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d) (emphasis added). Federal Rule of Civil Procedure 4(c), likewise, requires that "[t]he court must so order [service to be made by a United States Marshal or deputy marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 ...." Fed. R. Civ. P. 4(c)(3). "Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). *See also Rance*, 583 F.3d at 1286–87 and *Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995) ("The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis.").

The Eleventh Circuit held in *Rance* that "the failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance*, 583 F.3d at 1288. *See also, Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010). In *Richardson*, a prisoner-litigant provided the address of the prison to effect service on a prison guard. The court held that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable

5

effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Id*.

Plaintiff, in response, notes that the summons was directed to "City of Leesburg c/o Jimmy Burry, Mayor" at 501 W. Meadow St. Leesburg, FL 34748. (Doc. 65 at 8). This was sufficient information under the circumstances to permit the Marshal to identify the Defendant. Additionally, Plaintiff states that it was the U.S. Marshal's choice to serve Elizalde and Elizalde's choice to accept service of behalf of the City and the individual defendants. The service error is not attributable to Plaintiff.

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Browning v. Cook*, No. 5:20-cv-299-RV-MJF, 2022 WL 18144079 at *2 (N.D. Fla. Dec. 7, 2022) (citing *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion (Doc. 47) is **GRANTED** to the extent that service of process on Defendants City of Leesburg, City of Leesburg Chief of Police, Nicholas M. Romanelli, John G. Sommersdorf, Dominic Paonessa, John Liston, Joseph Iozzi, Gary Barrett, Daniel Navarro, Charles Ketchum, Gustavo Escalante, David Carver, Stefano Dagastino, Eric Lamoreaux, and Allen Carter is **QUASHED**. The motion is **DENIED** without prejudice in all other respects.

2. Plaintiff is **DIRECTED** to complete and return new summonses and Marshal 285 forms to the Clerk of Court which comply with the applicable law as described in this Order on or before **September 25, 2024.** Failure to timely comply may result in dismissal without further notice.

3. Upon receipt of the completed summons and Marshal 285 forms, the Clerk of Court is **DIRECTED** to provide copies of the completed forms to the U.S. Marshal. Thereafter, the U.S. Marshal is **DIRECTED** to **personally serve** Defendants City of Leesburg Chief of Police, Nicholas M. Romanelli, John G. Sommersdorf, Dominic Paonessa, John Liston, Joseph Iozzi, Gary Barrett, Daniel Navarro, Charles Ketchum, Gustavo Escalante, David Carver, Stefano Dagastino, Eric Lamoreaux, and Allen Carter. The U.S. Marshal is further **DIRECTED** to serve Defendant City of Leesburg through service on the Mayor, Jimmy Burry. *See* Fla. Stat. § 48.111(1)(a) (2020).

**DONE AND ORDERED** at Tampa, Florida, on September 4, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, pro se
Counsel of Record