UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.   Case No: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.,

    Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's "Motion for Re-hearing on Motion to Dismiss/Strike Plaintiff's Amended Complaint" (Doc. 72), which seeks reconsideration of the Court's Order granting former Defendant LifeStream's Motion to Dismiss (Doc. 70). For the reasons set forth below, the Motion will be denied.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the

availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his Motion, Plaintiff complains that he did not receive a copy of Defendant LifeStream's Reply to his Response to the Motion to Dismiss. (Doc. 72 at 1). Because of this, he claims he was unable to file a surreply. The Federal Rules of Civil Procedure do not provide for surreplies. *See generally* Fed. R. Civ. P. 7(a). Plaintiff's inability to file an unauthorized motion does not provide a basis upon which this Court should reconsider its Order.

Accordingly, Plaintiff's Motion (Doc. 72) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 15, 2024.

                                                                                         WILLIAM F. JUNG
                                                                                         UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Pro Se Party
Counsel of Record