UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.                                                       Case No: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.,

    Defendants.
_____

### ORDER TO ANSWER AND NOTICE TO PLAINTIFF

This case is before the Court on Doc. 18, Plaintiff's Amended Complaint. Plaintiff has been granted leave to proceed as a pauper by separate order (Doc. 5) and the allegations against Defendants are deemed sufficient to alert Defendants to the nature and basis of Plaintiff's claims. This Order directs service of the Amended Complaint on Plaintiff's behalf.

Accordingly, it is **ORDERED:**

(1) The United States Marshal or a Deputy United States Marshal shall serve a copy of the Amended Complaint (Doc. 18), and this Order upon **Defendants** within **30 DAYS** from the date of this Order. All costs of service shall be advanced by the United States.

(2) The Server shall **complete** and **sign** the Return of Service and **return** it to the Court as proof of service.

(3) Defendants shall have **60 DAYS** from the date of service of process in which to answer or otherwise respond to the Amended Complaint.

(4) Before counsel has appeared for Defendants, Plaintiff shall send to Defendants a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Defendants, the copy shall be

sent directly to counsel for Defendants, rather than to Defendants personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

(5)     If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendants or counsel for Defendants, it will be **stricken** by the Court.

(6)     Plaintiff shall immediately advise the Court of any change of address. He shall entitle the document "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain the address change and the effective date. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute should court orders not be able to reach Plaintiff.

(7)     Plaintiff is advised that after a response to the Amended Complaint has been filed, no further amendments to the Amended Complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, the opposing party provides written consent to the amendment or "justice so requires" the amendment, and Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

(8)     The parties shall insure that all transcripts, briefs, affidavits, and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification with appropriate tabs on the right-side of the documents. Composite exhibits should also be individually marked for identification with appropriate tabs. A table of contents or index (with a title, description, and date of each

document) shall be included to aid the Court in the location of each exhibit. The Court will return any exhibits that do not comply with these requirements.

(9)     If Defendants file a motion to dismiss, or a motion for summary judgment, Plaintiff shall have **45 DAYS** to file his response to the motion. *Pro se* Plaintiff is advised out of an abundance of caution that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

Defendants are advised that unless the circumstances of the case clearly justify it, they should not, as a matter of course, file a composite or combined "motion to dismiss/ motion for summary judgment" (often styled as a "motion to dismiss or, alternatively, for summary judgment"). As many Courts have noted, the standard for a motion to dismiss under Fed. R. Civ. P. 12 is different than the one for summary judgment under Fed. R. Civ. P. 56, which places a different burden on the Court and the non-moving party in addressing the issues raised. Further, composite motions tend to blur the difference between the two types of relief sought, often merging arguments together and failing to properly analyze the claims separately under each rule.

(10)     If Defendants file a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff shall have **45 DAYS** to file his response. (Notably, a motion to dismiss for failure to exhaust, even if submitted with affidavits and documents, will generally continue to be treated as a motion to dismiss.[1]) If Defendants file a motion for summary judgment, Plaintiff shall have **45 DAYS** to file his response.

---

[1] *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no trial, and the case will be terminated in this Court.

(11)   If any party seeks to file a DVD or other electronic storage device showing the inside of a correctional institution as an exhibit, the party is authorized to file the device under seal. To do so, the party must provide to the Clerk of Court a copy of the device and a cover letter referring back to this Order.[2] The Clerk will store and maintain the device under seal as part of the Court's record.

---

[2] Any DVD submitted as an exhibit should not contain a sticker-type label, as these labels inhibit the Court's ability to view the video footage. The case number and other relevant information should be written on the DVD itself.

(12)   Unless otherwise ordered by the Court, discovery does not open until the Court enters a scheduling order.

(13)   Once discovery has opened, the Court grants counsel for Defendant(s) permission to depose Plaintiff. Counsel must contact the warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

(14)   Plaintiff may file a motion for voluntary dismissal of the case at any time if he decides that he does not want to pursue it. He should consider the running of the statute of limitations in making his decision.

Failure to fully comply with this Order will result in the **dismissal** of this action without further notice.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 13 January 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties, Counsel of Record