UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

      Plaintiff,

v.                                                    CASE NO: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.

      Defendants.

_____/

## AFFIDAVIT OF NICHOLAS ROMANELLI

**STATE OF FLORIDA**
**COUNTY OF LAKE**

      **BEFORE ME,** the undersigned authority, on this day personally appeared, LT. NICHOLAS ROMANELLI, known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed below, and under oath did state the following:

      1.    My name is LT. NICHOLAS ROMANELLI.  I am over the age of eighteen (18) years, and in all things competent to attest to the matters herein, and otherwise *sui juris*.

      2.    I am currently a police officer employed with the City of Leesburg and have been so employed for over 32 years.  I am a Lieutenant and a supervisor.  As such, I am familiar with the operations and policies sufficient to attest to the facts

stated herein.

3.     The City has in place a policy regarding appropriate procedure for taking an individual into custody under the Baker Act, contained in Chapter 394, Florida Statutes, as well as making an arrest.  Said policy is attached herein as Exhibit "A".  Officers are provided additional training in Baker Act procedures, in addition to the training received at the Police Academy.  Said training materials are attached as Exhibit "B".

4.     I am familiar with the Plaintiff, ANGEL GASTON based on multiple encounters between Plaintiff and police both before and after the August 17, 2020, incident that is the subject of Plaintiff's Complaint.  Police have encountered Plaintiff both at the Police Department and elsewhere on multiple occasions throughout the past several years. Plaintiff is known to police officers as one who often has delusions, frequently has in his possession numerous weapons, including swords, sticks, and other items, and has made threats to police after expressing paranoia and irrational thoughts. Plaintiff's mother has even contacted the Leesburg Police Department to inform them and warn them of many of Plaintiff's behaviors and medical conditions.  Plaintiff's mother also alleged that Plaintiff was a former "special ops" military personnel and has multiple black belts in various forms of karate. I have observed him on occasion wearing a karate gi, and displaying multiple weapons on his person or in his vehicle (with the doors open).

5.    On or about August 17, 2020, though I was present on shift on the day

of the incident with the Plaintiff, ANGEL GASTON, I had no role in the decision or

actions that other officers had taken with respect to taking Plaintiff into custody

pursuant to the Baker Act, under Chapter 394, Florida Statutes.  I did not speak

directly with Plaintiff, nor did I directly or indirectly (as a supervisor reviewing the

decision) participate in the decision to process Plaintiff under the Baker Act.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT, Nicholas Romanelli

STATE OF FLORIDA
COUNTY OF LAKE

SWORN TO AND SUBSCRIBED before me by means of ☑ physical

presence or ☐ online notarization, this _28_ day of April, 2025, by Nicholas Romanelli

who    is    ☑ personally    known    to    me    or    who ☐ has    produced

_____ as identification.

NOTARY PUBLIC - STATE OF FLORIDA

Lisa Carter

(Print Name of Notary Public)

LISA CARTER
Notary Public - State of Florida
Commission # HH 227076
My Comm. Expires May 3, 2026
Bonded through National Notary Assn.

(Serial/Commission Number)

Page 3 of 3

# EXHIBIT "A"



| | **POLICY** | | |
| | **LIMITS ON AUTHORITY AND JURISDICTION** | | |
| | **CHIEF OF POLICE** | | |
| | **Robert W. Hicks** | | |
| **GENERAL ORDER** 02-3 | **EFFECTIVE DATE** 10/07/2014 | **REVISED DATE** 05/23/2017 | **CFA STANDARD** |

**CONTENTS:**

1. LIMITATIONS ON AUTHORITY AND JURISDICTION
2. ALTERNATIVES TO ARREST
3. LAWS AND LEGAL GUIDELINES

**PURPOSE:** The purpose of this directive is to establish guidelines and formulate policy for the role of the Leesburg Police Department, the limits of its authority, and related matters.

**POLICY:** It is the policy of the Leesburg Police Department to delineate its members' duties, limits of authority, and responsibilities for those situations where sworn members are required to act in an official capacity or are performing official duties.

Furthermore, it will be the policy of the Leesburg Police Department that all sworn members will submit proof of successful completion of the Florida Basic Recruit Training Program, prior to assignment to any position in which they may carry a firearm and make an arrest.

## 1.0 LIMITATIONS ON AUTHORITY AND JURISDICTION

1.1 The legally authorized geographical area for law enforcement services by members of the Leesburg Police Department is limited to the corporate city limits as identified by City of Leesburg municipal ordinances.

   A. Members may refer to maps posted throughout the Department's facilities or inquire through the Communications Center to confirm if a specific location is within the corporate limits.

   B. Members are responsible for being familiar with the general boundaries of the City of Leesburg.

   C. Citizens with requests for law enforcement services outside the city limits are to be referred to the appropriate agency having jurisdiction, unless exigent circumstances require immediate attention under the Lake County Mutual Aid Agreement or a request for assistance is received from another law enforcement agency.

1.2 Officers are charged with the:

   A. Enforcement of all criminal:

       1.    Federal;

       2.    State; and

       3.    Local laws and ordinances within their jurisdiction;

  B.    Preservation of the public peace;

  C.    Protection of life and property;

  D.    Prevention of crime; and

  E.    Detection, apprehension, and prosecution of violators of the law.

**1.3**    Officers are not vested with the authority to enforce civil laws or civil process.

**1.4**    Members are to familiarize themselves with and have a working knowledge of all laws of the State of Florida and Ordinances of the City of Leesburg which they are required to enforce.

**1.5**    Members are authorized to make only those arrests, searches, and seizures which they know or should know are legal and in accordance with departmental procedures.

**1.6**    Members assigned to specialized duties or assignments are not relieved from taking proper action outside the scope of their specialized assignment when necessary.

**1.7**    Members should employ every lawful means at their disposal in the investigation, arrest, and prosecution of any person observed or known to be violating or to have violated any statute or any ordinance pertaining to criminal matters, traffic offenses or vice activities.

**1.8**    Members are to act together and assist each other in the maintenance of law and order. Members will take appropriate police action toward aiding a fellow member exposed to danger or potentially dangerous situations.

## 2.0 AUTHORITY TO ARREST

**2.1**    During enforcement activities, officer may establish sufficient probable cause to believe a crime has been committed and the suspect(s) are identified. Officer may make a Warrantless Arrest under the following circumstances:

  A.    Probable cause a felony has been committed and the individual identified is the perpetrator of the crime; or

  B.    Probable cause a misdemeanor has been committed in the presence of the officer and the individual identified is the perpetrator of the crime;

**2.2**    During enforcement activities, officer may develop sufficient probable cause to believe a misdemeanor violation has occurred and the perpetrator has been identified, but the offense did not occur in the officer's presence. Officer may make a warrantless misdemeanor arrest for the following violations that did not occur in their presence:

  A.    Possession of firearm or ammunition prohibited when person is subject to a domestic violence injunction, 790.233 Florida State Statute;

  B.    Violation of a domestic violence injunction, 741.31 Florida State Statute;

C. Penalties for violating protective injunctions 784.047 Florida State Statute, which violates:

    1. An injunction for protection entered pursuant to 741.30 Florida State Statute;

    2. Action by victim of repeat violence, sexual violence or dating violence, 784.046 Florida State Statute; or

    3. A foreign protection order according full faith and credit pursuant to Recognition of Foreign Protection Orders, 741.315 Florida State Statute;

D. An act of domestic violence, 741.28 Florida State Statute;

E. An act of child abuse as defined as:

    1. Abuse, aggravated abuse and neglect of a child, 827.03 Florida State Statute;

    2. Luring or enticing a child, 787.025 Florida State Statute;

F. Any battery committed upon another person, 784.03 Florida State Statute;

G. Criminal Mischief, 806.13 Florida State Statute;

H. A violation of a safety zone, security zone, regulated navigation area, or naval protection zone, 327.461 Florida State Statute;

I. A violation of a condition of pretrial release, 903.047 Florida State Statute, if the original arrest was for an act of domestic violence, 741.28 Florida State Statute;

J. An act of trespass on an airport when:

    1. Signs are posted in conspicuous area of the airport which notify that unauthorized entry into such areas constitutes a trespass; and

    2. Specify the methods for gaining authorized access to such areas.

K. An assault upon a:

    1. Law enforcement officer;

    2. Firefighter;

    3. Emergency medical care provider;

    4. Public transit employee or agent; or

    5. Other specified officers in 784.07 Florida State Statute;

L. An assault or battery upon an employee of a receiving facility, who was performing their lawful duties at the time of the assault or battery, 394.455 Florida State Statute;

M. Carry a concealed weapon, 790.01 and 790.02 Florida State Statute;

N.    Loitering or prowling, 856.021 Florida State Statute;

O.    Possession of cannabis less than 20 grams, 893.13(6)(b) Florida State Statute;

P.    An act of:

    1.    Retail theft;

    2.    Farm theft; or

    3.    Transit fare evasion, 812.015 Florida State Statute;

Q.    Any offense committed under the provisions of Chapter 316 Florida State
    Statute, (State Uniform Traffic Control) or Chapter 322 Florida State Statute
    (Driver's License);

R.    Any repeated acts of stalking or cyber-stalking, 784.048(2) Florida State Statute;

S.    Breach of peace or disorderly conduct, 877.03 Florida State Statute, committed
    on the premises of a licensed public lodging establishment 509.013(4)(a) Florida
    State Statute; or

T.    Any act of trespass on a campus or other facility of a school 810.097 Florida
    State Statute.

2.3    Not all arrestable offenses require the offender to be immediately incarcerated. In those
instances involving misdemeanor violations and municipal ordinance violations, officers
are authorized to issue a "Misdemeanor Citation" in lieu of arrest under the following
conditions:

A.    Perpetrator's identity has been confirmed;

B.    Perpetrator has no prior arrest for:

    1.    Failure to Appear; or

    2.    Escape;

C.    Perpetrator has local ties to the community;

D.    Perpetrator is not on probation; and

E.    Perpetrator agrees to appear in court at the specified date and time,
    acknowledged by their signature on said citation.

    1.    It is recommended the issuing officer obtain the right thumbprint on the
        original citation prior to release.

2.4    There may be other instances wherein justice may be best served by officers filing a
complaint affidavit for review by the State Attorney's Office in lieu of an immediate arrest.
In these situations, officers should consult with a supervisor to determine the most
appropriate course of action. When filing a complaint affidavit, officers will:

A.    Complete an Affidavit of Probable Cause;

B.  Complete a full incident report detailing all information and circumstances regarding the incident; and

C.  Complete a Capias Request form.

2.5  There may be instances wherein a person may be suffering from a mental health issue and necessitate involuntary examination (Baker Act). In the event a person meets the criteria for involuntary examination, in accordance with F.S.S. 394.463, the officer will take the person into custody, complete the required paperwork for involuntary examination and an incident report.

A.  The officer will also transport them to the local treatment facility for involuntary examination, with the following exceptions:

1.  **Persons arrested for a felony offense:** Any person arrested for a felony offense, but meets criteria for involuntary examination, must first be taken to the Lake County Jail and processed the same as any other arrested person. After transporting the arrestee to the jail, the arresting officer will notify the local treatment facility of the arrestee's location and need for involuntary examination, in accordance with F.S.S. 394.462(1)(h).

2.  **Persons in need of Medical Treatment:** Any person meeting the criteria for involuntary examination, but is in need of medical treatment, will first be transported to the local medical treatment facility for examination and treatment, prior to transport to the local mental health receiving facility.

a.  Transportation to a medical treatment facility should be conducted by Emergency Medical Services personnel. Officers may request such services through the Communications Center, if not already available at the scene.

2.6  There may be instances wherein a person may be suffering from alcohol and/or substance abuse and Protective Custody without Consent (Marchman Act) pursuant to F.S.S. 397.6772 may be necessary. If a person in circumstances which justify protective custody as described in F.S.S. 397.677 fails or refuses to consent to assistance and the officer has determined that a hospital or a licensed detoxification or addictions receiving facility is the most appropriate place for the person, the officer may, after giving due consideration to the expressed wishes of the person, take the person to a hospital or to a licensed detoxification or addictions receiving facility. The officer will complete the necessary paperwork, detailing the circumstances under which the person was taken into protective custody.

A.  Such detention is not to be considered an arrest for any purpose, and no entry or other record may be made to indicate that the person has been detained or charged with any crime.

B.  The nearest relative of a minor in protective custody must be notified by the officer, as must the nearest relative of an adult, unless the adult requests that there be no notification.

C.  Some circumstances may require the assistance of Emergency Medical Services personnel. Officers may request such services through the Communications Center, if not already available at the scene.

2.7    There may be instances, during traffic enforcement activities, in which a person may be subject to arrest for certain traffic offenses. Alternatives to arrest during traffic enforcement efforts are outlined in G.O. 22-1, Traffic Enforcement, Section 6.0 and include issuance of a Uniform Traffic Citation and an arraignment date.

## 3.0 LAWS AND LEGAL GUIDELINES

3.1    All sworn members of the department will be issued a current reference guide containing legal guidelines and statutes of this state.

    A.    It is the responsibility of the officer to maintain availability of the issued reference for use while on-duty.

    B.    Members are reminded of additional copies of the above reference material in the booking areas of the Department.

    C.    Members are further reminded of the legal guideline and statute reference available on-line. (View Statutes On-Line)

3.2    Officers will be familiar with and follow the prescribed legal guidelines:

    A.    Procedures for arrest with or without a warrant;

    B.    Rights of prisoners;

    C.    Search by consent;

    D.    Stop and Frisk of an individual under circumstances where an officer has articulable reasons to fear his/her safety;

    E.    Vehicle Search under a moveable vehicle exception;

    F.    Searches at a crime scene;

    G.    Exigent circumstances where the public safety is endangered; and

    H.    Inventory searches of seized vehicles or other property.

3.3    In the event legal bulletins regarding court decisions require a change in officer activities, duties or responsibilities, regarding the aforementioned legal guidelines, a Training Bulletin (TB) will be prepared and distributed to all members of the department.

    A.    All members of the Department are required to comply with the directives or procedures prescribed in the TB.

By Order of:

Robert W. Hicks
Chief of Police

# EXHIBIT "B"



Law Enforcement and the Baker Act

# Introduction

- Law enforcement officers often serve as the front line for many social and health problems in our communities.

- The Legislature in Florida has granted law enforcement certain authority and responsibilities under the Baker Act.

  - The authority to initiate an involuntary examination of persons when they meet certain criteria and are unable or unwilling to consent to the examination themselves.

  - The responsibility, with few exceptions, to transport persons to the nearest receiving facility for involuntary examinations.

## Definitions

- "Mental illness" means an impairment of the mental or emotional processes that exercise conscious control of one's actions or of the ability to perceive or understand reality, which impairment substantially interferes with the person's ability to meet the ordinary demands of living. For the purposes of this part, the term does not include a developmental disability as defined in chapter 393, intoxication, or conditions manifested only by antisocial behavior or substance abuse. **** Autism and Alzheimer's are not mental illnesses. ****

# Definitions

- "Express and informed consent" means consent voluntarily given in writing, by a competent person, after sufficient explanation and disclosure of the subject matter involved to enable the person to make a knowing and willful decision without any element of force, fraud, deceit, duress, or other form of constraint or coercion.

- "Incompetent to consent to treatment" means a state in which a person's judgment is so affected by a mental illness or a substance abuse impairment that he or she lacks the capacity to make a well-reasoned, willful, and knowing decision concerning his or her medical, mental health, or substance abuse treatment.

## Voluntary Admission

- Adults can only be admitted to a facility on a voluntary basis if they have a mental illness as defined in the Baker Act, are willing to be admitted without any coercion, are competent to provide express and informed consent, and are suitable for treatment.

- A minor must meet the same criteria, including willingness to be admitted, but the application for admission must be made by his or her parent or legal guardian following a judicial hearing.

# Involuntary Examination

- A person may be taken to a receiving facility for involuntary examination if there is reason to believe that he or she has a mental illness and because of his or her mental illness:

  – The person has *either* refused a voluntary examination *or* is unable to determine for himself or herself whether an examination is necessary; *and*

  – Either

    - The person is likely to suffer from *neglect* which poses a real and present threat of substantial harm to his or her well-being that can't be avoided through the help of willing family members or friends or the provision of other services; *or*

    - There is a substantial likelihood that without care or treatment the person will cause *serious bodily harm* to himself or herself or others in the near future, as evidenced by recent behavior.

# Behaviors to Look For

- Individuals with mental illness who may need further evaluation typically exhibit some combination of the following behaviors, or characteristics (absent a known diagnosis of mental illness, these behaviors may assist a law enforcement officer in determining if a subject is likely to be suffering from mental illness):

- **Behaviors:** rapid speech, flight of thought, no eye contact, quick movements, disconnected speech patterns, constant movement, can't concentrate, swift and frequent mood changes, disorganized thoughts, disoriented to time and place, acts of violence, cutting self, combative/aggressive behavior, inappropriate dress or nudity

# Behaviors to Look For

- **Hallucinations**: sees people who aren't there, hears voices telling them to hurt themselves or others, reports that the television is suggesting harm to others, turning the head as if listening to an unseen person.

- **Self-Care Issues**: insomnia or increased sleep, has not eaten for days, not taking prescribed medications, home is in disarray, neglects household, property, or personal hygiene to the point of putting self/others at risk.

- **Feelings**: low self-esteem with feelings of hopelessness or helplessness, flat affect, or not reacting with much feeling or interest.

# Behaviors to Look For

- **Suicidal Risks:** has weapons or access to weapons, speaks about previous attempts, makes direct comments about dying or hurting self, evidence of previous attempts such as scars on the wrists.

- **Elderly Issues:** wandering at night, leaving things on stove unattended, not eating or sleeping or caring for personal needs, unrealistic fears, uncontrollable anxiety, confusion, quantity and age of unused foods in the home.

- **Substance Abuse:** abuse of prescribed medications, use of alcohol or illegal substances while taking medications. (if substance abuse appears to be the only issue, the Marchman Act may be more appropriate.)

# Important keys to remember

- **Your role is not to diagnose.** However, if you have reason to believe that someone has a mental illness, you *can* decide whether or not that person may be putting himself/herself or others in active danger or self neglect, and therefore meet the criteria for a complete evaluation.

- **You do not need to witness all of the behaviors personally.** You can consider credible eyewitness accounts from others as you determine the need for further assessment.

- **Law enforcement officers must complete two state forms when initiating a Baker Act.** The two forms are Report of Law Enforcement Officer Initiating Involuntary Examination (CF-MH 3052a), and Transportation to a Receiving Facility Part 1 (CF-MH 3100).

# Reporting Procedures

- If you receive written statements from witnesses, review them and make sure that they are detailed and support the decision for the Baker Act. If they are not, have the witness be more specific.

- Make sure that your Baker Act form is complete, detailed, and the copy is legible.

- ***Supervisors must review Baker Act forms closely and ensure that all applicable details are present. If they are not, the officer will complete a new and updated Baker Act form and deliver it to Lifestream without delay.***

- ***if the incident results in criminal charges or has the need to enter property the officer must complete an incident report and arrest module if applicable***

# Reporting Procedures

- If you receive written statements from witnesses, review them and make sure that they are detailed and support the decision for the Baker Act. If they are not, have the witness be more specific.

- Make sure that your Baker Act form is complete, detailed, and the copy is legible.

- ***Supervisors must review Baker Act forms closely and ensure that all applicable details are present. If they are not, the officer will complete a new and updated Baker Act form and deliver it to Lifestream without delay.***

- ***if the incident results in criminal charges or has the need to enter property, the officer must complete an incident report and arrest module if applicable.***

# Reporting Procedures

- The officer will request a case number and complete a Field Contact Module entry using that case number.
  - In the drop down menu, select Baker Act as reason for contact
  - In the narrative section, officer should describe the incident –
    - Why did they have contact (Officer initiated or complaint initiated)
    - Where are the events?
    - What happened? (Other observations, witness statements, weapons, medical treatment)
    - Final outcome – subject met criteria for Baker Act and was transported to [illegible] place witness statements in grey envelope.
  - Officer will complete name fields for any and all witnesses. Officer will include witness statements in grey envelope.
- Keep in mind that these are confidential medical records.
- The Baker Act and Transport Forms should be attached. These will provide the "details" of the incident.

# Completing the Baker Act Form

- Circumstances which support this opinion:
  - When completing this section of the form, the officer needs to be detailed and specific. The officer should provide the reason why each box in sections 1 and 2 were checked.
    - Why is the officer able to believe said person has a mental illness?
    - Who explained the need for examination and that they refuse? If they appear to be unable to make the decision for themselves, why?
    - What part of their report believes/or lead the officer to believe that the person would suffer from neglect or lack of care, or that they posed an imminent threat to themselves or others?
      - Other observations?
      - Statements from family?
      - Statements of intent to cause harm to the person or to someone else?

# Completing the Baker Act Form

- **Section 2** – in addition to checking one of the boxes in section 1, the officer must also check one of the boxes in section 2, either:

  - a) Without care or treatment said person is likely to suffer from neglect or refuse to care for himself/herself, and such neglect or refusal poses a real and present threat of substantial harm to his/her well-being, and it is not apparent that such harm may be avoided through the help of willing family members or friends or the provision of other services; OR

  - b) There is substantial likelihood that without care or treatment the person will cause serious bodily harm to

    - Himself/herself; or

    - Another person in the near future, as evidenced by recent behavior

# Completing the Baker Act Form

- **Section 1** The officer has reason to believe said person has a mental illness (as defined in this presentation) pursuant to Section 394.455(18), F.S., and because of the mental illness.

  - Officer must check either:

    - a) Said person has refused voluntary examination after conscientious explanation and disclosure of the purpose of the examination, OR

    - b) Said person is unable to determine for himself/herself whether examination is necessary

# Important keys to remember

- Evidence of likelihood of harm to self or others is defined solely by the person's "recent behavior." The law requires that the law enforcement officer's report detail the "circumstances" under which the person was taken into custody, not personal observations.

- Since the officer is rarely on site when the event prompting the Baker Act call occurs, his or her judgment may often be based upon the statements by the person or the credibility of the witnesses to the event.

The Baker Act and Transport Forms

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

     Plaintiff,

v.                        CASE NO: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.

     Defendants.

_____/

## AFFIDAVIT OF POLICE CHIEF JOSEPH IOZZI

**STATE OF FLORIDA**
**COUNTY OF LAKE**

     **BEFORE ME,** the undersigned authority, on this day personally appeared POLICE CHIEF JOSEPH IOZZI, known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed below, and under oath did state the following:

     1.    My name is JOSEPH IOZZI.  I am over the age of eighteen (18) years, and in all things competent to attest to the matters herein, and otherwise *sui juris*.

     2.    I am currently the Chief of Police, and I have been employed with the City of Leesburg, for over 25 years. At the time of the incident alleged in Plaintiff's Complaint, I was in the position of Commander of Road Patrol.  As such, I am familiar with the operations and policies sufficient to attest to the facts stated herein.

3.     The City has in place a policy regarding appropriate procedure for taking an individual into custody under the Baker Act, contained in Chapter 394, Florida Statutes, as well as making an arrest.  Said policy is attached herein as Exhibit "A".  Officers are provided additional training in Baker Act procedures, in addition to the training received at the Police Academy.  Said training materials are attached as Exhibit "B".  Though I am familiar with the Baker Act Policy and Training, it was not my decision to implement them or create them in my role as Commander of Road Patrol.

4.     I am familiar with the Plaintiff, ANGEL GASTON based on multiple encounters between Plaintiff and police both before and after the August 17, 2020, incident that is the subject of Plaintiff's Complaint.   Police have encountered Plaintiff both at the Police Department and elsewhere on multiple occasions throughout the past several years. Plaintiff is known to police officers as one who often has delusions, frequently has in his possession numerous weapons, including swords, sticks, and other items, and has made threats to police after expressing paranoia and irrational thoughts.  Plaintiff's mother has even contacted the Leesburg Police Department to inform them and warn them of many of Plaintiff's behaviors and medical conditions.  Plaintiff's mother also alleged that Plaintiff was a former "special ops" military personnel and has multiple black belts in various forms of karate.  I have observed him on occasion wearing a karate gi, and displaying multiple

weapons on his person or in his vehicle (with the doors open).

5.      On or about August 17, 2020, though I was present on shift on the day of the incident with the Plaintiff, ANGEL GASTON, I had no role in the decision or actions that other officers had taken with respect to taking Plaintiff into custody pursuant to the Baker Act, under Chapter 394, Florida Statutes.  I did not speak directly with Plaintiff, nor did I directly or indirectly (as a supervisor reviewing the decision) participate in the decision to process Plaintiff under the Baker Act.  I merely observed Plaintiff who looked as though he may have been acting erratically through a window of the Department, after being informed by other staff in the Records Department.  When I looked out the window, I observed Plaintiff's vehicle with the doors open, playing loud music.  FURTHER AFFIANT SAYETH NAUGHT.

_____
AFFIANT, Police Chief Joseph Iozzi

STATE OF FLORIDA
COUNTY OF LAKE

SWORN TO AND SUBSCRIBED before me by means of ☑ physical presence or ☐ online notarization, this _25_ day of April, 2025, by _Joseph Iozzi_ who is ☑ personally known to me or who ☐ has produced _____ as identification.

Page 3 of 4

_____

NOTARY PUBLIC - STATE OF FLORIDA

_____

(Print Name of Notary Public)

LISA CARTER
Notary Public - State of Florida
Commission # HH 227076
My Comm. Expires May 3, 2026
Bonded through National Notary Assn.

_____

(Serial/Commission Number)

# EXHIBIT "A"



| POLICY | | |
|---|---|---|
| | **LIMITS ON AUTHORITY AND JURISDICTION** | |
| | **CHIEF OF POLICE** | |
| | **Robert W. Hicks** | |
| **GENERAL ORDER** 02-3 | **EFFECTIVE DATE** 10/07/2014 | **REVISED DATE** 05/23/2017 | **CFA STANDARD** |

**CONTENTS:**

1. LIMITATIONS ON AUTHORITY AND JURISDICTION
2. ALTERNATIVES TO ARREST
3. LAWS AND LEGAL GUIDELINES

**PURPOSE:** The purpose of this directive is to establish guidelines and formulate policy for the role of the Leesburg Police Department, the limits of its authority, and related matters.

**POLICY:** It is the policy of the Leesburg Police Department to delineate its members' duties, limits of authority, and responsibilities for those situations where sworn members are required to act in an official capacity or are performing official duties.

Furthermore, it will be the policy of the Leesburg Police Department that all sworn members will submit proof of successful completion of the Florida Basic Recruit Training Program, prior to assignment to any position in which they may carry a firearm and make an arrest.

## 1.0 LIMITATIONS ON AUTHORITY AND JURISDICTION

1.1    The legally authorized geographical area for law enforcement services by members of the Leesburg Police Department is limited to the corporate city limits as identified by City of Leesburg municipal ordinances.

    A.    Members may refer to maps posted throughout the Department's facilities or inquire through the Communications Center to confirm if a specific location is within the corporate limits.

    B.    Members are responsible for being familiar with the general boundaries of the City of Leesburg.

    C.    Citizens with requests for law enforcement services outside the city limits are to be referred to the appropriate agency having jurisdiction, unless exigent circumstances require immediate attention under the Lake County Mutual Aid Agreement or a request for assistance is received from another law enforcement agency.

1.2    Officers are charged with the:

    A.    Enforcement of all criminal:

    1.    Federal;

    2.    State; and

    3.    Local laws and ordinances within their jurisdiction;

B.    Preservation of the public peace;

C.    Protection of life and property;

D.    Prevention of crime; and

E.    Detection, apprehension, and prosecution of violators of the law.

1.3    Officers are not vested with the authority to enforce civil laws or civil process.

1.4    Members are to familiarize themselves with and have a working knowledge of all laws of the State of Florida and Ordinances of the City of Leesburg which they are required to enforce.

1.5    Members are authorized to make only those arrests, searches, and seizures which they know or should know are legal and in accordance with departmental procedures.

1.6    Members assigned to specialized duties or assignments are not relieved from taking proper action outside the scope of their specialized assignment when necessary,

1.7    Members should employ every lawful means at their disposal in the investigation, arrest, and prosecution of any person observed or known to be violating or to have violated any statute or any ordinance pertaining to criminal matters, traffic offenses or vice activities.

1.8    Members are to act together and assist each other in the maintenance of law and order. Members will take appropriate police action toward aiding a fellow member exposed to danger or potentially dangerous situations.

## 2.0 AUTHORITY TO ARREST

2.1    During enforcement activities, officer may establish sufficient probable cause to believe a crime has been committed and the suspect(s) are identified,  Officer may make a Warrantless Arrest under the following circumstances:

A.    Probable cause a felony has been committed and the individual identified is the perpetrator of the crime; or

B.    Probable cause a misdemeanor has been committed in the presence of the officer and the individual identified is the perpetrator of the crime;

2.2    During enforcement activities, officer may develop sufficient probable cause to believe a misdemeanor violation has occurred and the perpetrator has been identified, but the offense did not occur in the officer's presence.  Officer may make a warrantless misdemeanor arrest for the following violations that did not occur in their presence:

A.    Possession of firearm or ammunition prohibited when person is subject to a domestic violence injunction, 790.233 Florida State Statute;

B.    Violation of a domestic violence injunction, 741.31 Florida State Statute;

C.  Penalties for violating protective injunctions 784.047 Florida State Statute, which violates:

    1.  An injunction for protection entered pursuant to 741.30 Florida State Statute;

    2.  Action by victim of repeat violence, sexual violence or dating violence, 784.046 Florida State Statute; or

    3.  A foreign protection order according full faith and credit pursuant to Recognition of Foreign Protection Orders, 741.315 Florida State Statute;

D.  An act of domestic violence, 741.28 Florida State Statute;

E.  An act of child abuse as defined as:

    1.  Abuse, aggravated abuse and neglect of a child, 827.03 Florida State Statute;

    2.  Luring or enticing a child, 787.025 Florida State Statute;

F.  Any battery committed upon another person, 784.03 Florida State Statute;

G.  Criminal Mischief, 806.13 Florida State Statute;

H.  A violation of a safety zone, security zone, regulated navigation area, or naval protection zone, 327.461 Florida State Statute;

I.  A violation of a condition of pretrial release, 903.047 Florida State Statute, if the original arrest was for an act of domestic violence, 741.28 Florida State Statute;

J.  An act of trespass on an airport when:

    1.  Signs are posted in conspicuous area of the airport which notify that unauthorized entry into such areas constitutes a trespass; and

    2.  Specify the methods for gaining authorized access to such areas.

K.  An assault upon a:

    1.  Law enforcement officer;

    2.  Firefighter;

    3.  Emergency medical care provider;

    4.  Public transit employee or agent; or

    5.  Other specified officers in 784.07 Florida State Statute;

L.  An assault or battery upon an employee of a receiving facility, who was performing their lawful duties at the time of the assault or battery, 394.455 Florida State Statute;

M.  Carry a concealed weapon, 790.01 and 790.02 Florida State Statute;

N.    Loitering or prowling, 856.021 Florida State Statute;

O.    Possession of cannabis less than 20 grams, 893.13(6)(b) Florida State Statute;

P.    An act of:

    1.    Retail theft;

    2.    Farm theft; or

    3.    Transit fare evasion, 812.015 Florida State Statute;

Q.    Any offense committed under the provisions of Chapter 316 Florida State Statute, (State Uniform Traffic Control) or Chapter 322 Florida State Statute (Driver's License);

R.    Any repeated acts of stalking or cyber-stalking, 784.048(2) Florida State Statute;

S.    Breach of peace or disorderly conduct, 877.03 Florida State Statute, committed on the premises of a licensed public lodging establishment 509.013(4)(a) Florida State Statute; or

T.    Any act of trespass on a campus or other facility of a school 810.097 Florida State Statute.

2.3    Not all arrestable offenses require the offender to be immediately incarcerated. In those instances involving misdemeanor violations and municipal ordinance violations, officers are authorized to issue a "Misdemeanor Citation" in lieu of arrest under the following conditions:

A.    Perpetrator's identity has been confirmed;

B.    Perpetrator has no prior arrest for:

    1.    Failure to Appear; or

    2.    Escape;

C.    Perpetrator has local ties to the community;

D.    Perpetrator is not on probation; and

E.    Perpetrator agrees to appear in court at the specified date and time, acknowledged by their signature on said citation.

    1.    It is recommended the issuing officer obtain the right thumbprint on the original citation prior to release.

2.4    There may be other instances wherein justice may be best served by officers filing a complaint affidavit for review by the State Attorney's Office in lieu of an immediate arrest. In these situations, officers should consult with a supervisor to determine the most appropriate course of action. When filing a complaint affidavit, officers will:

A.    Complete an Affidavit of Probable Cause;

B. Complete a full incident report detailing all information and circumstances regarding the incident; and

C. Complete a Capias Request form.

2.5 There may be instances wherein a person may be suffering from a mental health issue and necessitate involuntary examination (Baker Act). In the event a person meets the criteria for involuntary examination, in accordance with F.S.S. 394.463, the officer will take the person into custody, complete the required paperwork for involuntary examination and an incident report.

A. The officer will also transport them to the local treatment facility for involuntary examination, with the following exceptions:

1. **Persons arrested for a felony offense:** Any person arrested for a felony offense, but meets criteria for involuntary examination, must first be taken to the Lake County Jail and processed the same as any other arrested person. After transporting the arrestee to the jail, the arresting officer will notify the local treatment facility of the arrestee's location and need for involuntary examination, in accordance with F.S.S. 394.462(1)(h).

2. **Persons in need of Medical Treatment:** Any person meeting the criteria for involuntary examination, but is in need of medical treatment, will first be transported to the local medical treatment facility for examination and treatment, prior to transport to the local mental health receiving facility.

a. Transportation to a medical treatment facility should be conducted by Emergency Medical Services personnel. Officers may request such services through the Communications Center, if not already available at the scene.

2.6 There may be instances wherein a person may be suffering from alcohol and/or substance abuse and Protective Custody without Consent (Marchman Act) pursuant to F.S.S. 397.6772 may be necessary. If a person in circumstances which justify protective custody as described in F.S.S. 397.677 fails or refuses to consent to assistance and the officer has determined that a hospital or a licensed detoxification or addictions receiving facility is the most appropriate place for the person, the officer may, after giving due consideration to the expressed wishes of the person, take the person to a hospital or to a licensed detoxification or addictions receiving facility. The officer will complete the necessary paperwork, detailing the circumstances under which the person was taken into protective custody.

A. Such detention is not to be considered an arrest for any purpose, and no entry or other record may be made to indicate that the person has been detained or charged with any crime.

B. The nearest relative of a minor in protective custody must be notified by the officer, as must the nearest relative of an adult, unless the adult requests that there be no notification.

C. Some circumstances may require the assistance of Emergency Medical Services personnel. Officers may request such services through the Communications Center, if not already available at the scene.

2.7    There may be instances, during traffic enforcement activities, in which a person may be subject to arrest for certain traffic offenses. Alternatives to arrest during traffic enforcement efforts are outlined in G.O. 22-1, Traffic Enforcement, Section 6.0 and include issuance of a Uniform Traffic Citation and an arraignment date.

## 3.0 LAWS AND LEGAL GUIDELINES

3.1    All sworn members of the department will be issued a current reference guide containing legal guidelines and statutes of this state.

   A.    It is the responsibility of the officer to maintain availability of the issued reference for use while on-duty.

   B.    Members are reminded of additional copies of the above reference material in the booking areas of the Department.

   C.    Members are further reminded of the legal guideline and statute reference available on-line. (View Statutes On-Line)

3.2    Officers will be familiar with and follow the prescribed legal guidelines:

   A.    Procedures for arrest with or without a warrant;

   B.    Rights of prisoners;

   C.    Search by consent;

   D.    Stop and Frisk of an individual under circumstances where an officer has articulable reasons to fear his/her safety;

   E.    Vehicle Search under a moveable vehicle exception;

   F.    Searches at a crime scene;

   G.    Exigent circumstances where the public safety is endangered; and

   H.    Inventory searches of seized vehicles or other property.

3.3    In the event legal bulletins regarding court decisions require a change in officer activities, duties or responsibilities, regarding the aforementioned legal guidelines, a Training Bulletin (TB) will be prepared and distributed to all members of the department.

   A.    All members of the Department are required to comply with the directives or procedures prescribed in the TB.

By Order of:

_____
**Robert W. Hicks**
**Chief of Police**

*LIMITS ON AUTHORITY AND JURISDICTION*

# EXHIBIT "B"

# Law Enforcement and the Baker Act

# Introduction

- Law enforcement officers often serve as the front line for many social and health problems in our communities.

- The Legislature in Florida has granted law enforcement certain authority and responsibilities under the Baker Act.

  - The authority to initiate an involuntary examination of persons when they meet certain criteria and are unable or unwilling to consent to the examination themselves.

  - The responsibility, with few exceptions, to transport persons to the nearest receiving facility for involuntary examination.

## Definitions

- "Mental illness" means an impairment of the mental or emotional processes that exercise conscious control of one's actions or of the ability to perceive or understand reality, which impairment substantially interferes with the person's ability to meet the ordinary demands of living. For the purposes of this part, the term does not include a developmental disability as defined in chapter 393; intoxication, or conditions manifested only by antisocial behavior or substance abuse. **** Autism and Alzheimer's are not mental illnesses. ****

# Definitions

- "Express and informed consent" means consent voluntarily given in writing, by a competent person, after sufficient explanation and disclosure of the subject matter involved to enable the person to make a knowing and willful decision without any element of force, fraud, deceit, duress, or other form of constraint or coercion.

- "Incompetent to consent to treatment" means a state in which a person's judgment is so affected by a mental illness or a substance abuse impairment that he or she lacks the capacity to make a well-reasoned, willful, and knowing decision concerning his or her medical, mental health, or substance abuse treatment.

## Voluntary Admission

- Adults can only be admitted to a facility on a voluntary basis if they have a mental illness as defined in the Baker Act, are willing to be admitted without any coercion, are competent to provide express and informed consent, and are suitable for treatment.

- A minor must meet the same criteria, including willingness to be admitted, but the application for admission must be made by his or her parent or legal guardian following a judicial hearing.

# Involuntary Examination

- A person may be taken to a receiving facility for involuntary examination if there is reason to believe that he or she has a mental illness and because of his or her mental illness:

  - The person has *either* refused a voluntary examination *or* is unable to determine for himself or herself whether an examination is necessary; *and*

  - Either:

    - The person is likely to suffer from *neglect* which poses a real and present threat of substantial harm to his or her well-being that can't be avoided through the help or willing family members or friends or the provision or other services; *or*

    - There is a substantial likelihood that without care or treatment the person will cause *serious bodily harm* to himself or herself or others in the near future, as evidenced by recent behavior.

# Behaviors to Look For

- Individuals with mental illness who may need further evaluation typically exhibit some combination of the following behaviors, or characteristics (absent a known diagnosis of mental illness, these behaviors may assist a law enforcement officer in determining if a subject is likely to be suffering from mental illness):

- **Behaviors:** rapid speech, flight of thought, no eye contact, quick movements, disconnected speech patterns, constant movement, can't concentrate, swift and frequent mood changes, disorganized thoughts, disoriented to time and place, acts of violence, cutting self, combative/aggressive behavior, inappropriate dress or nudity

# Behaviors to Look For

- **Hallucinations**: sees people who aren't there, hears voices telling them to hurt themselves or others, reports that the television is suggesting harm to others, turning the head as if listening to an unseen person.

- **Self-Care Issues**: insomnia or increased sleep, has not eaten for days, not taking prescribed medications, home is in disarray, neglects household, property, or personal hygiene to the point of putting self/others at risk.

- **Feelings** low self-esteem with feelings of hopelessness or helplessness, flat affect, or not reacting with much feeling or interest.

# Behaviors to Look For

- **Suicidal Risks:** has weapons or access to weapons, speaks about previous attempts, makes direct comments about dying or hurting self, evidence of previous attempts such as scars on the wrists

- **Elderly Issues:** wandering at night, leaving things on stove unattended, not eating or sleeping or caring for personal needs, unrealistic fears, uncontrollable anxiety, confusion, quantity and age of unused foods in the home.

- **Substance Abuse:** abuse of prescribed medications, use of alcohol or illegal substances while taking medications. (If substance abuse appears to be the only issue, the Marchman Act may be more appropriate.)

## Important keys to remember

- **Your role is not to diagnose.** However, if you have reason to believe that someone has a mental illness, you *can* decide whether or not that person may be putting himself/herself or others in active danger or self neglect, and therefore meet the criteria for a complete evaluation.

- **You do not need to witness all of the behaviors personally.** You can consider credible eyewitness accounts from others as you determine the need for further assessment.

- **Law enforcement officers must complete two state forms when initiating a Baker Act.** The two forms are Report of Law Enforcement Officer Initiating Involuntary Examination (CF-MH 3052a), and Transportation to a Receiving Facility-Part 1 (CF-MH 3100)

# Reporting Procedures

- If you receive written statements from witnesses, review them and make sure that they are detailed and support the decision for the Baker Act. If they are not, have the witness be more specific.

- Make sure that your Baker Act form is complete, detailed, and the copy is legible.

- ***Supervisors must review Baker Act forms closely and ensure that all applicable details are present. If they are not, the officer will complete a new and updated Baker Act form and deliver it to Lifestream without delay.*

- ***if the incident results in criminal charges or has the need to enter property the officer must complete an incident report and arrest module if applicable.*

# Reporting Procedures

- If you receive written statements from witnesses, review them and make sure that they are detailed and support the decision for the Baker Act. If they are not, have the witness be more specific.

- Make sure that your Baker Act form is complete, detailed, and the copy is legible.

- ***Supervisors must review Baker Act forms closely and ensure that all applicable details are present. If they are not, the officer will complete a new and updated Baker Act form and deliver it to Lifestream without delay.***

- ***If the incident results in criminal charges or has the need to enter property, the officer must complete an incident report and arrest module if applicable.***

# Reporting Procedures

- The officer will request a case number and complete a Field Contact Module entry using that case number.
  - In the drop down menu, select Baker Act as reason for contact
  - In the narrative section, officer should describe the incident –
    - Why did they have contact (Officer initiated or complaint initiated)
    - Where was the contact?
    - What happened? (Officer observations, witness statements, weapons, medical treatment)
    - Final outcome – subject meet criteria for Baker Act and was transported to ideal zone
  - Officer will complete name fields for any and all witnesses. Officer will include witness statement in grey envelope.

- Keep in mind that these are confidential medical records

- The Baker Act and Transport Forms should be attached. These will provide the "details" of the incident

# Completing the Baker Act Form

- Circumstances which support this opinion:

  - When completing this section of the form, the officer needs to be detailed and specific. The officer should provide the reason why each box in sections 1 and 2 were checked.

    - Why is there a reason to believe said person has a mental illness?
    - Who explained the need for examination and and they refuse? If they appear to be unable to make the decision for themselves, why?
    - What part of their recent behavior lead the officer to believe that the person would suffer from neglect or lack of care, or that they posed an imminent threat to themselves or others?

      - Other information?
      - Statements from family?
      - Statements which lead you to believe how the person is harming self?

# Completing the Baker Act Form

- **Section 2** – In addition to checking one of the boxes in section 1, the officer must also check one of the boxes in section 2, either:

  - a) Without care or treatment said person is likely to suffer from neglect or refuse to care for himself/herself, and such neglect or refusal poses a real and present threat of substantial harm to his/her well-being and it is not apparent that such harm may be avoided through the help of willing family members or friends or the provision of other services; OR

  - b) There is substantial likelihood that without care or treatment the person will cause serious bodily harm to

    - Himself/herself, or

    - Another person in the near future, as evidenced by recent behavior.

# Completing the Baker Act Form

- **Section 1** The officer has reason to believe said person has a mental illness (as defined in this presentation) pursuant to Section 394.455(18), F.S., and because of the mental illness:

  - **Officer must check either:**

    - a) Said person has refused voluntary examination after conscientious explanation and disclosure of the purpose of the examination, **OR**

    - b) Said person is unable to determine for himself/herself whether examination is necessary

# Important keys to remember

- Evidence of likelihood of harm to self or others is defined solely by the person's "recent behavior." The law requires that the law enforcement officer's report detail the "circumstances" under which the person was taken into custody, not personal observations.

- Since the officer is rarely on site when the event prompting the Baker Act call occurs, his or her judgment may often be based upon the statements by the person or the credibility of the witnesses to the event.

# The Baker Act and Transport Forms

Transportation to Receiving Facility

Part I: General Information