UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.                               CASE NO: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.

    Defendants.
_____/

## AFFIDAVIT OF ERIC LAMOREAUX

**STATE OF FLORIDA**
**COUNTY OF LAKE**

    **BEFORE ME**, the undersigned authority, on this day personally appeared, ERIC LAMOREAUX, known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed below, and under oath did state the following:

    1.    My name is ERIC LAMOREAUX. I am over the age of eighteen (18) years, and in all things competent to attest to the matters herein, and otherwise *sui juris*.

    2.    I am currently a police officer employed with the City of Leesburg and have been so employed for approximately 12.5 years. As such, I am familiar with the operations sufficient to attest to the facts stated herein.

3. I am familiar with the Plaintiff, ANGEL GASTON based on multiple encounters between Plaintiff and police both before and after the August 17, 2020, incident that is the subject of Plaintiff's Complaint. Prior to August 17, 2020, Plaintiff had been arrested and had other encounters with police. On more than one occasion he was trespassed from Lee Adult Academy, and four to five officers were sent out due to safety concerns and continuous threats against the police made by Plaintiff. During many interactions with police, Plaintiff is known to have and displayed multiple weapons, exhibit strange and at times delusional/paranoid behaviors, and even make verbal threats to police, at least one time stating that he would kill officers who aren't doing their jobs correctly. He was also known to be or held himself out to be a two-time blackbelt in Karate, sometimes encountering the police wearing a karate gi, and displaying swords and other weapons both on his person and in his car; and a former "special ops" member. This information was provided to police by Plaintiff's mother, who on occasion would contact police herself and warn them of his erratic behaviors.

4. On or about August 17, 2020, I was working on shift during the early morning hours. I observed Plaintiff in front of the lobby of the Police Department. After he was dragging chairs and blocking exit doors, and acting strangely, he was standing outside with a large broomstick, waving it around frantically, hitting the fence with it, jumping in and out of the flower beds, and using verbally abusive

and/or vulgar language directed toward police. While he was jumping on the flower beds, and his car was parked with all doors open, and music blasting out of the vehicle at a high volume. He appeared irate and made statements like "Fu&k You Pigs." He also made several irrational statements along the lines that "The Government" is after him and he knows "they are spying on him." Both myself and my trainee at the time, Officer Dominic Paonessa, observed this behavior as well as Sgt. Carter, and some civilian employees coming into the Department for a shift change. Plaintiff is known to keep a multitude of weapons on his person and in his vehicle, displayed in a concerning manner, on more than one occasion. He also has made multiple threats to police officers, so much so that any calls involving Plaintiff are usually assigned extra back-up due to Officer safety concerns. The Officers that witnessed this behavior discussed the propriety of a Baker Act commitment and transport and agreed that Plaintiff's increasingly strange and concerning behavior met the Baker Act criteria, under Chapter 394, Florida Statutes. I completed Department paperwork regarding this decision attached as Exhibit "A".

5. After the decision to was made to process Plaintiff or take him into custody under the Baker Act, no vehicle search was conducted of Plaintiff's vehicle. Plaintiff's person was searched, and he was placed in handcuffs prior to his transport to Lifestream Behavioral Center pursuant to policy and procedure for officer safety. Plaintiff's vehicle was locked, and he was provided with the keys. Plaintiff was not

arrested at any time during this incident. Officer Paonessa completed the appropriate Baker Act paperwork attached to this affidavit as Exhibit "B", as part of his training, but under my direct supervision, since at least three Officers including myself witnessed Plaintiff's erratic behavior. Officer Paonessa has since moved out of the state and is no longer employed by the City. FURTHER AFFIANT SAYETH NAUGHT.

_____
AFFIANT, Eric Lamoreux

STATE OF FLORIDA
COUNTY OF LAKE

SWORN TO AND SUBSCRIBED before me by means of ☑ physical presence or ☐ online notarization, this __28__ day of April, 2025, by __Eric Lamoreaux__ who is ☑ personally known to me or who ☐ has produced _____ as identification.

_____
NOTARY PUBLIC - STATE OF FLORIDA

__Lisa Carter__
(Print Name of Notary Public)

LISA CARTER
Notary Public - State of Florida
Commission # HH 227076
My Comm. Expires May 3, 2026
Bonded through National Notary Assn.

(Serial/Commission Number

# EXHIBIT "A"

| User: NROMANELLI | LEESBURG POLICE DEPARTMENT | 04/22/2025 14:23 |

# Field Contact

## CONTACT INFORMATION

| Agency | | | Case # |
|---|---|---|---|
| LEESBURG | | | 20-08-0242 |

| Contact ID | Date / Time | Reason | |
|---|---|---|---|
| 56215 | 08/17/2020 10:35 | BAKER ACT | |

| Location | Tract |
|---|---|
| 115 E MAGNOLIA ST, LEESBURG | |

| Officer | Supervisor |
|---|---|
| LAMOREAUX, E. W. | CARTER, A. G. |

## PERSON INFORMATION

| Name | | | | | SSN |
|---|---|---|---|---|---|
| Gaston, Angel Elias | | | | | |

| Race | Sex | DOB | Age | DL #/State | |
|---|---|---|---|---|---|
| B | M | 08/29/1985 | 34 | G235005853090 FL | |

| Address | Telephone # |
|---|---|
| 420 GOSS AV<br>LEESBURG, FL 34748 | 352-522-5191 |

Property in Possession

Weapon In Possession
STICK

Admitted Record

## VEHICLE INFORMATION

| License Plate # / State | Vehicle Type | Vehicle Year | Make | Model | Color |
|---|---|---|---|---|---|
| B680YX, FL | 4D | 2005 | HYUN | HYUN | Beige |

## PHYSICAL CHARACTERISTICS

Hair Length / Bald, alding
Hands, RIGHT HANDED
Pants/dress/skirt, Khaki
Posture / Square, rect
Shirt/blouse, T-shirt
Shoes / Barefoot, one
Build, MEDIUM
Conversation, Abusive Language
Hair Facial, Full Beard

## REMARKS

Case Number: 20080242

Notes: Made contact with subject at the Leesburg Police Department. Subject displayed behavior and made statements that met criteria for Baker Act. After transporting to LifeStream, Subject required transport to LRMC. EMS delivered subject to the hospital. Later, I responded and took the subject back to LifeStream after medical clearance. The subject's vehicle was secured in the front parking lot of LPD and keys were transported with subject.

Clothing Description:
Shirt: Light Blue fishing shirt          Pants: Khaki shorts          Shoes: None
Accessories: Broom stick and a ball on a rope. Subject continuously swung ball around on a rope.

CRIME ANALYSIS

# EXHIBIT "B"
# FILED
# UNDER SEAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL E. GASTON,

    Plaintiff,

v.                                           CASE NO: 5:22-cv-409-WFJ-PRL

CITY OF LEESBURG, et al.

    Defendants.
_____/

## AFFIDAVIT OF ALLEN CARTER

**STATE OF FLORIDA**
**COUNTY OF LAKE**

    **BEFORE ME**, the undersigned authority, on this day personally appeared, ALLEN CARTER, known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed below, and under oath did state the following:

    1.    My name is ALLEN CARTER. I am over the age of eighteen (18) years, and in all things competent to attest to the matters herein, and otherwise *sui juris*.

    2.    I am currently a police officer employed with the City of Leesburg, and have been so employed for approximately 33 years. As such, I am familiar with the operations sufficient to attest to the facts stated herein.

3. I am familiar with the Plaintiff, ANGEL GASTON based on multiple encounters between Plaintiff and police both before and after the August 17, 2020, incident that is the subject of Plaintiff's Complaint.

4. On or about August 17, 2020, I was working on shift as a supervisor beginning at 6:00 am. Night shift supervisors informed me that they observed Plaintiff in the lobby of the Police Department. He was dragging chairs and blocking exit doors and acting strangely. Another officer told him to put the chairs back. After going outside of the lobby, during a civilian shift change, the records clerks and other female employees expressed concern and fear over his behavior. He was wearing a hockey mask, waving a large stick, banging a Police Department fence with the stick, and using abusive language toward police. He was jumping on the flower beds, and his car was parked with all doors open, and music blasting out of the vehicle at a high volume. Officer Lamoreaux, and his trainee, Officer Dominic Pannessa, observed this behavior as well. Plaintiff is known to keep a multitude of weapons on his person and in his vehicle, displayed in a concerning manner, on more than one occasion. He also has made multiple threats to police officers, so much so that any calls involving Mr. Gaston usually is assigned extra back-up due to Officer safety concerns. We discussed the propriety of a Baker Act commitment and transport and agreed that Plaintiff's increasingly strange behavior met the Baker Act criteria, under Chapter 394, Florida Statutes.

5. After the decision to was made to process Plaintiff or take him into custody under the Baker Act, no vehicle search was conducted of Plaintiff's vehicle. Plaintiff's person was searched, and he was placed in handcuffs prior to his transport to Lifestream Behavioral Center pursuant to procedure for officer safety. Plaintiff's vehicle was locked, and he was provided with the keys. Plaintiff was not arrested at any time during this incident. FURTHER AFFIANT SAYETH NAUGHT.

_____
AFFIANT, Allen Carter

STATE OF FLORIDA
COUNTY OF LAKE

SWORN TO AND SUBSCRIBED before me by means of ☒ physical presence or ☐ online notarization, this 28 day of April, 2025, by Allen Carter who is ☒ personally known to me or who ☐ has produced _____ as identification.

_____
NOTARY PUBLIC - STATE OF FLORIDA

Danielle Williams
(Print Name of Notary Public)



DANIELLE WILLIAMS
MY COMMISSION # HH 493165
EXPIRES: March 4, 2028

HH493165
(Serial/Commission Number)