United States District Court
Middle District of Florida
Ocala Division

Angel E. Gastón
Plaintiff

V.

City of Leesburg, et al
Defendant(s)

Case no: 5:22-CV-409-WFJ-PRL

## Responce to Dominic Paonessa's Motion to Dismiss

I, Angel E. Gastón (Pro-se Plaintiff in the above styled cause) present this responce to defendant Paonessa's Motion to dismiss. In support of this responce I state the following:

1.) The affidavit presented by Paonessa is almost exactly the same as the affidavits presented by the other defendants (even with Paonessa now residing in the state of New York). Therefore, I incorporate the responce I have given to the other defendants on 7/29/2025 to this responce.

2.) The affidavits by the defendants use the same "history" of past and future events that did <u>not</u> occur on 8/17/2020 to support the Baker Act. The affidavits use the same structure of sentences and paragraphs, they use the same vague description of "behaviors", and they even use the same <u>examples</u> of alleged comments and/or statements.

Pg. 1 of 5

3.) No defendant states the words I used and/or quotes anything that I (the plaintiff) said either at the time of the Baker Act or in the testimonies they are now presenting; but all defendants manage to use the exact same examples of "words like" and/or comments "along the lines of"... XYZ.

4.) If in Fact I had made "several" of these alleged statements and/or comments (especially while being there for several hours and going as far as needing to declare a medical emergency) then why would all of the seperate defendants only testify (in affidavits) with an "example" and then all of them use the exact same example, yet none of them are quoting me as saying that these are the words/comments that I allegedly said; they all vaguely say that the words/comments were "along those lines".

5.) The Court can easily conclude that there is one author whom has guided all the defendants affidavits and who is attempting to meet the criteria of the Baker Act — After the Fact — by use of events that occured before and after 8/17/2020; by use of vague descriptions of behaviors required by the Baker Act; and an example of a comment that was literaly the same example used in the police training slides provided by the defendants.

Pg. 2 of 5

6.) The Florida legislators have established a specific set of criteria (under §394) that must be met and specifically reported in order to prevent the exact situation presented here; the Malicious use of the Baker Act.

7.) The one author behind these affidavits is attempting to now (years later) scrap together excuses for the criteria for the Baker Act on 8/17/2020. This is not the requirement or intent of the legislator. The legislator requires the officers to meet the criteria at the time of the Baker Act and record the specific events that led to declaring a medical emergency pursuant to the Baker Act.

8.) A reasonable police officer (acting in good faith) would have at a minimum given a detailed account and/or report of the events that led to the Baker Act.

9.) In my responce on 7/29/2025 (under Exhibit "A-2") I present an example of an officer's good faith incident report (by Sumter County Sheriff Flynn); an officer whom was not obligated to give specific details to meet statutory requirements, yet as regular practice of documenting contact with an individual, he gives the events that led to no custodial action and/or even a citation.

10.) The court may compare the above referenced report by Flynn to the vague report by LPD defendant Lamoreaux (under

Pg. 3 of 5

Exhibit "B"); an officer whom <u>was</u> obligated to give specific details to meet statutory requirements, yet he doesn't even give enough detail to describe the scene or the events that led to declaring a medical emergency pursuant to the Baker Act as a reasonable officer acting in good faith would. The same may be said of the Baker Act Form submitted by defendant Paonessa.

In consideration of the facts stated above in #1-10, this court may easily conclude how the defendants worked together to not only maliciously use the Baker Act, but are now working together in an attempt to cover their malicious actions. Therefore, the Court should deny the defendants motion to dismiss the complaint.

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of this response was given to ___Ms. Drew___ a mail clerk at the Florida Department of Corrections for U.S. Mailing to the U.S. Middle District Court of Florida, Ocala Division, 207 NW Second Street, room 337, Ocala, FL 34475; and to Brionez + Brionez, P.A. Attn: Stephanie J. Brionez, P.O. Box 985 Tavares, FL 32778; and to Cole, Scott, and Kissane, P.A. Attn: Isabella Sanchez, 9150 South Dadeland Blvd. Suite 1400, P.O. Box 569015, Miami, FL 33256 on this __4th__ day of September 2025.

pg. 4 of 5

Respectfully Submitted,

*Angel E. Gaston* (signature)

Angel E. Gaston
Date: 9/4/2025
Sumter Correctional Institution
Cell #J2105 ; DC #020151
9544 CR 476B
Bushnell, FL 33513

PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE 9/4/25
OFFICER INITIALS

pg. 5 of 5

Exhibit

A-2

Date
8/13/2020
7:39 am

Copy Printed From The FINDER Data Sharing System On 09/01/2020

| Report Number: | SCSOFIR010388 | Incident Date: | 08/13/2020 | | Reporting Officer | FLYNN, PATRICK |
|---|---|---|---|---|---|---|
| Incident Location Type: | | | | Report Source: | SUMTER COUNTY SO | |
| Description: | | | | | | |
| Location: | 1001 LAKESHORE DR LADY LAKE FL 32162 | | | | | |
| Report Reason: | SUSPICIOUS PERSON | | | | | |
| Report Status: | | | | | | |

rrative: —

AUGUST 13, 2020, AT APPROXIMATELY 7:39 AM, I ARRIVED AT HAAGEN DAZS LOCATED AT 1001 LAKESHORE DR, LADY LAKE, FLORIDA, WITHIN [SU]MTER COUNTY IN REFERENCE TO A SUSPICIOUS PERSON. UPON ARRIVAL, I MADE CONTACT WITH THE MANAGER ON DUTY WHO STATED THERE [WA]S A SUSPICIOUS PERSON ON THE DOCK WITH A SWORD AND AN AXE. HE STATED THE INDIVIDUAL HAD CANDLES AND BELIEVED HE MAY BE DOING [SO]ME SORT OF RITUAL. THE MANAGER ADVISED HE WAS NOT AGGRESSIVE BUT WOULD LIKE THE INDIVIDUAL TO LEAVE. I MADE CONTACT WITH THE [IND]IVIDUAL WHO WAS LATER IDENTIFIED AS ANGEL GASTON. I OBSERVED MR. GASTON TO HAVE A SAMURAI SWORD IN ITS SHEAF CONNECTED TO A [BE]LT AROUND HIS WAIST. THE SHEAF ALSO HAD TWO SMALLER KNIVES ATTACHED TO IT. I REQUESTED MR. GASTON TO TAKE THE BELT OFF AND [PL]ACE IT ON THE GROUND SO WE COULD TALK. MR. GASTONS ATTITUDE WAS VERY RUDE AND RESERVE. MR. GASTON STATED HE WAS HERE TAKING [PIC]TURES WHILE DOING MARTIAL ARTS. I ADVISED HIM THAT THE BUSINESS DOES NOT MIND HIM HERE BUT NOT TO BRING THE WEAPONS. MR. [GA]STON STATED HE WAS "THE WEAPON". MR. GASTON STATED THE CANDLES WERE FOR A RITUAL; SAYING THAT MARTIAL ARTS IS A RITUAL. MR. [GA]STON AGREED TO GATHER HIS BELONGINGS AND LEAVE THE AREA. MR. GASTON THEN APPROACHED ME SAYING HE WOULD BE SEEING ME AGAIN. [MR]. GASTON STATED HE WAS CREATING A MILITARY ACADEMY AT AN UNKNOWN LOCATION WITHIN LEESBURG. I OBSERVED MR. GASTON TO BE BALD [WI]TH A BLACK BEARD. HE WAS WEARING AN AMERICAN FLAG HAT ALONG WITH GREY SHORTS. MR. GASTON HAD A TATTOO ON HIS LEFT AND RIGHT [AR]M AS WELL AS DOWN THE SPINE OF HIS BACK. THE TATTOOS WERE OF TRIBAL PATTERNS AND POSSIBLY CHINESE WRITING. AN FCIC/NCIC QUERY [ON] MR. GASTON REVEALED HE WAS THE NAMED PERSON IN FOUR SEPARATE INJUNCTIONS. HE IS ALSO ON PROBATION OR SUPERVISED RELEASE [ST]ATUS UNTIL 10/21/2021. THIS INCIDENT WAS RECORDED BY MY AGENCY-ISSUED BODY-WORN CAMERA WATCH GUARD V300 AND UPLOADED INTO [TH]E SUMTER COUNTY EVIDENCE LIBRARY. DEPUTY P. FLYNN #199

**Document Details**

| Creation Date: | 08/13/2020 | Last Modified Date: | 09/01/2020 | | Source Organization: | SUMTER COUNTY SO |
|---|---|---|---|---|---|---|
| Summary: | | Effective Date: | | | Received Date: | |

**Person 1**

| Involvement: | SUSPICIOUS PERSON | | | | | |
|---|---|---|---|---|---|---|
| Name (Last,First Middle): | GASTON, ANGEL ELIAS | | | DOB | 08/29/1985 | |
| Age: | 34 | Sex: | MALE | Race: | HISPANIC | SSN: 76702512 |
| Height: | 5' 6" | Weight (In Pounds): | 200 | Eye Color: | BROWN | Hair Color: BAL |
| Contact Address: | 420 GOSS AVE LEESBURG FL 34748 | | | | | |

**Driver License**

| Number: | G235005853090 | | Jurisdiction: | FL |
|---|---|---|---|---|

**Person 2**

| Involvement: | BUSINESS | | | |
|---|---|---|---|---|
| Name (Last,First Middle): | HAAGEN DAZS, | | DOB | |
| Contact Address: | 1001 LAKESHORE DRIVE UNINC - Z05 FL 32162 | | | |

**Driver License**

| Number: | | Jurisdiction: | |
|---|---|---|---|

# EXHIBIT B

| User: NROMANELLI | LEESBURG POLICE DEPARTMENT | 04/22/2025 14:23 |

# Field Contact

## CONTACT INFORMATION

| Agency | | | Case # |
|---|---|---|---|
| LEESBURG | | | 20-08-0242 |

| Contact ID | Date / Time | Reason |
|---|---|---|
| 56215 | 08/17/2020 10:35 | BAKER ACT |

| Location | Tract |
|---|---|
| 115 E MAGNOLIA ST, LEESBURG | |

| Officer | Supervisor |
|---|---|
| LAMOREAUX, E. W. | CARTER, A. G. |

## PERSON INFORMATION

| Name | | | | | SSN |
|---|---|---|---|---|---|
| Gaston, Angel Elias | | | | | |

| Race | Sex | DOB | Age | DL #/State |
|---|---|---|---|---|
| B | M | 08/29/1985 | 34 | G235006853090 FL |

| Address | Telephone # |
|---|---|
| 420 GOSS AV | |
| LEESBURG, FL 34748 | 352-522-5191 |

Property in Possession

Weapon in Possession
**STICK**

Admitted Record

## VEHICLE INFORMATION

| License Plate # / State | Vehicle Type | Vehicle Year | Make | Model | Color |
|---|---|---|---|---|---|
| B68DYX, FL | 4D | 2005 | HYUN | HYUN | Beige |

## PHYSICAL CHARACTERISTICS

Hair Length / Bald, alding
Hands, RIGHT HANDED
Pants/dress/skirt, Khaki
Posture / Square, rect
Shirt/blouse, T-shirt
Shoes / Barefoot, one
Build, MEDIUM
Conversation, Abusive Language
Hair Facial, Full Beard

## REMARKS

Case Number: 20080242

Notes: Made contact with subject at the Leesburg Police Department. Subject displayed behavior and made statements that met criteria for Baker Act. After transporting to LifeStream, Subject required transport to LRMC. EMS delivered subject to the hospital. Later, I responded and took the subject back to LifeStream after medical clearance. The subject's vehicle was secured in the front parking lot of LPD and keys were transported with subject.

Clothing Description:
Shirt: Light Blue fishing shirt          Pants: Khaki shorts          Shoes: None
Accessories: Broom stick and a ball on a rope. Subject continuously swung ball around on a rope.

CRIME ANALYSIS

Angel E. Gaston
Sumter Correctional Institution
Cell # J2105 ; DC # 020151
9544 CR 476B
Bushnell, FL 33513

TAMPA FL 335
6 SEP 2025 PM 3 L

Mailed From Sumter Correctional Institution
FLORIDA DEPARTMENT OF CORRECTIONS

US POSTAGE IMI PITNEY BOWES
ZIP 33513  $ 001.03⁰
02 7H
0006197852  SEP 04 2025

U.S. Middle District Court of Florida
Ocala Division
207 NW Second Street
Room 337
Ocala, FL 34475

Legal Mail

SCREENED
By USMS

34475-666687

PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE 9/4/25
OFFICER INITIALS